# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

**SALTER BUS LINES, INC.**                      **PLAINTIFF**

       v.            Civil No. 04-6143

**PREVOST CAR (US) INC.**                      **DEFENDANT**

## O R D E R

Now on this 29th day of September, 2005, come on for consideration the parties' **Joint Motion To Amend Civil Trial Scheduling Order** (document #21) and plaintiff's **Motion To Quash Subpoenas Duces Tecum And Motion For Protective Order** (document #22).

In respect of these motions, the Court held a telephone conference on September 8, 2005, following which it directed plaintiff to submit documents responsive to the subpoenas *in camera*, and to file a privilege log with respect to privileges claimed for those documents. The documents and the privilege log are now before the Court, as well as defendant's written response to the Motion To Quash. From all such materials, the Court finds and orders as follows:

1. Plaintiff alleges that a motor coach manufactured by defendant was supplied in a defective condition which rendered it unreasonably dangerous, and was supplied in breach of the implied warranty of merchantability, all to plaintiff's damage when the motor coach was damaged by fire.

After the case was filed and initial disclosures were made,

the parties attempted to negotiate a settlement of the claims, meanwhile postponing discovery.  When negotiations proved unsuccessful, discovery commenced but problems were encountered.  Those problems appear to derive from the fact that the motor coach in question was repaired before defendant knew that plaintiff was claiming defendant was responsible for the fire.

2.  As part of its attempts to obtain discovery, defendant subpoenaed documents from Eldon Boone's Claims Service, Claims West, Lancer Insurance Company, and Bill Lute Investigations.  Plaintiff moved to quash these subpoenas, asserting that the documents are protected by the work product privilege, and that some are also protected by the attorney-client privilege.  Defendant responded that it was entitled to the benefit of the exception to the work product doctrine found in **F.R.C.P. 26(b)(3)**, substantial need coupled with inability to otherwise obtain the information, given that the bus had been repaired before it knew of plaintiff's claim.

3.  Subsequent to the filing of the Motion To Quash, the documents of Eldon Boone's Claims Service were produced, and satisfactory representations were made that Claims West had no responsive documents.  The Motion To Quash as to those entities is therefore moot.

4. During the process of preparing the *in camera* submission and the privilege log with respect to the other

documents, it appears that the parties resolved their differences as to all but six documents, and the Court has been given to understand that all responsive documents of Lancer Insurance Company and Bill Lute Investigations except the following are being released to defendants as of the date of this Order:

* Lancer File Notes, page 13, entry dated 1/29/04;
* Lancer File Notes, page 15, entry dated 4/12/04;
* Lancer File Notes, page 16, entry dated 5/11/04;
* Letter from Lancer to attorney Barham Lewis dated 9/18/03;
* Letter from Lancer to attorney Sam Laser dated 11/14/03;
* Letter from plaintiff's counsel to Lancer dated 5/12/05.

As to these documents, plaintiff asserts both the work product and the attorney-client privilege.

5. The Court has reviewed the documents submitted *in camera*, and agrees that the portions listed in ¶4 are protected by the attorney-client privilege. The three letters need not be produced. The specific entries in the Lancer File Notes may be redacted before those pages of notes are produced. With these exceptions, the remaining documents submitted to the Court *in camera* are to be immediately produced to defendant if they have not already been produced.

6. Turning to the Joint Motion To Amend Civil Trial Scheduling Order, the Court has reviewed its Scheduling Order and

finds the following deadlines currently in place:

* Plaintiff's initial expert witness disclosures were to be made no later than August 1, 2005, and defendant's initial expert disclosures are due by October 1, 2005;
* Discovery is to be completed by October 5, 2005;
* Dispositive motions must be filed by October 5, 2005;
* Trial is scheduled for December 5, 2005.

The parties agree that, because they tried to negotiate a settlement of the case after making initial disclosures and before initiating discovery, they will not be able to complete trial preparations and be ready for trial according to this schedule. They seek approximately a three-month extension of each of the above dates.

While it is commendable for parties to try to settle their disputes by negotiation, the Court's scheduling order does not permit the parties to ignore deadlines set therein while attempting to settle.  In the Court's view, the maintenance of a firm trial date and attendant scheduling deadlines is one of its most valuable tools in getting cases resolved -- either by settlement or by trial.  It is, therefore, perilous to assume that the Court's scheduling order may be disregarded with impunity. Since, however, the Court perceives no intent on the part of the parties to intentionally circumvent the Court's orders -- and since it seems clear that to require the parties to go to trial

according to the schedule initially established would make it difficult, if not impossible, for the parties to obtain a fair disposition of the substantive merits of their respective claims -- the Court reluctantly concludes that the Motion To Amend should be granted.

**IT IS THEREFORE ORDERED** that the **Joint Motion To Amend Civil Trial Scheduling Order** (document #21) is **granted**, and new deadlines are as follows:

* Trial of this matter is continued until March 20, 2006.
* Plaintiff has already disclosed an expert, and that disclosure shall be deemed timely.
* Defendant shall make its expert disclosures no later than November 1, 2005.
* Discovery shall be completed by December 31, 2005.
* Dispositive motions shall be filed no later than January 15, 2006.
* In all other respects the Scheduling Order issued on June 16, 2005, remains in effect.

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Quash Subpoenas Duces Tecum And Motion For Protective Order** (document #22) is **granted as to the following documents only**, and **denied in all other respects**:

* Lancer File Notes, page 13, entry dated 1/29/04;
* Lancer File Notes, page 15, entry dated 4/12/04;

*   Lancer File Notes, page 16, entry dated 5/11/04;
*   Letter from Lancer to attorney Barham Lewis dated 9/18/03;
*   Letter from Lancer to attorney Sam Laser dated 11/14/03;
*   Letter from plaintiff's counsel to Lancer dated 5/12/05.

**IT IS SO ORDERED.**

                                                  /s/ Jimm Larry Hendren
                                             **JIMM LARRY HENDREN**
                                             **UNITED STATES DISTRICT JUDGE**